**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 96-20148**
**Summary Calendar**

---

**RITA MCCORQUODALE; STEVEN MCCORQUODALE**

**Plaintiffs-Appellees,**

**VERSUS**

**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA;**
**PRUCO LIFE INSURANCE COMPANY OF TEXAS;**
**PRUDENTIAL HEALTH CARE PLAN, INC.;**
**ALLAN CHERNOV, M.D.,**

**Defendants-Appellants.**

---

Appeal from the United States District Court
For the Southern District of Texas
(CA-H-95-4807)

---

July 17, 1996

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

In August 1995, Rita and Steven McCorquodale ("plaintiffs") filed suit in the 278th State Judicial Court of Madison County, Texas, against Prudential Insurance Company of America and other named defendants (the "defendants") seeking recovery for medical expenses incurred pursuant to a group health insurance policy

---

[*]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

issued by defendants.  On October 11, 1995, defendants filed a notice of removal of this suit from the state district court to the United States District Court for the Southern District of Texas on the grounds that (1) the suit involved claims subject to and controlled by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*, commonly known as "ERISA"; and (2) diversity of citizenship existed between the plaintiffs and Prudential Insurance Company of America, and the other named defendants had been fraudulently joined as a sham to defeat diversity jurisdiction.  On November 9, 1995, plaintiffs moved to remand.  After extensive briefing and affidavits bearing on the issue of federal question and diversity jurisdiction, the district court determined that it did not have jurisdiction under either ERISA or diversity jurisdiction and entered an order under 28 U.S.C. § 1947(c) remanding the case to the state district court on January 24, 1996.  The defendants timely filed a notice of appeal "from the order of remand, from the district court's award of attorneys' fees and from its determination that `the plan is not an employee welfare benefit plan'".

We have carefully reviewed the briefs, the reply brief, the record excerpts and relevant portions of the record itself.

To the extent that this appeal purports to raise an appeal "from the order of remand" in this case, we determine that we lack appellate jurisdiction under 28 U.S.C. § 1947(d) and accordingly we dismiss the appeal for lack of appellate jurisdiction as to that issue and as to the district court's determination that the

2

insurance coverage in question did not constitute an ERISA plan which was inextricably involved in the district court's determination of its lack of jurisdiction.

As to the district court's award of costs and $2,500 attorneys' fees in favor of plaintiffs against defendants, we affirm.

**APPEAL DISMISSED IN PART AND AFFIRMED IN PART.**